IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

NOVARTIS VACCINES AND     §
DIAGNOSTICS, INC.     §
    §
     Plaintiff     §     CIVIL NO. 2:08-CV-067
          v.     §
WYETH and WYETH     §
PHARMACEUTICALS, INC.     §
    §
     Defendants     §

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of

the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the

input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not

   already disclosed, by <u>February 13, 2009</u>, each party shall disclose to every other

   party the following information:

   (a)     the correct name of the parties to the lawsuit;

   (b)     the name, address, and telephone number of any potential parties;

   (c)     the legal theories and, in general, the factual bases of the disclosing

           party's claims or defenses (the disclosing party need not marshal all

           evidence that may be offered at trial);

   (d)     the name, address, and telephone number of persons having knowledge

           of relevant facts, a brief statement of each identified person's connection

           with the case, and a brief, fair summary of the substance of the

information known by any such person; (identification of employment status (former or current) with regard to parties).

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any statement of any party to the litigation;

(h)     for any testifying expert, by the date set by the Court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.     the expert's name, address, and telephone number;

    b.     the subject matter on which the expert will testify;

    c.     if the witness is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of the disclosing party regularly involve giving expert testimony;

        (a)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or for the expert in anticipation of the expert's testimony; and

        (b)     the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d.     for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information.

2.    **Protective Order.**  The Court will enter the parties' Agreed Protective Order.

3.    **Additional Disclosures.**  Each party, without awaiting a discovery request, shall

provide, to the extent not already provided, to every other party the following:

(a)    the disclosures required by the Patent Rules for the Eastern District of

Texas by the following dates:

(i)    for Plaintiff by March 24, 2009;

(ii)    for Defendants by May 12, 2009.

(b)    by June 30, 2009, a copy of all documents, electronically stored

information, and tangible things in the possession, custody, or control of

the party that are relevant to the pleaded claims or defenses involved in

this action, except to the extent these disclosures are affected by the time

limits set forth in the Patent Rules for the Eastern District of Texas.  By

written agreement of all parties, alternative forms of disclosure of

documents may be provided in lieu of paper copies.  For example, the

parties may agree to exchange images of documents electronically or by

means of computer disk; or the parties may agree to review and copy

disclosure materials at the offices of the attorneys representing the parties

instead of requiring each side to furnish paper copies of the disclosure

materials.  With respect to electronically stored information, the Court

incorporates the agreement reached by the parties, as described more

fully in paragraph 4 below.  The Parties agree that no additional discovery

will be sought or provided before June 30, 2009.

(c)     by <u>February 13, 2009</u>, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)     by <u>N/A</u>, those documents and authorizations described in Local Rule CV-34.

4.     **Document/File Production.**

(a)     **Format.**

(i)     The parties shall produce documents and/or other types of files or materials in TIFF image format with a corresponding load file and processed by OCR where available.  To the extent a party produces e-mail, such e-mail shall be produced in single page, searchable, extracted-text, TIFF image format, it must also provide extracted text for the "To," "From," "CC," "Date" (including Time), "Subject," "BegDoc," "EndDoc," "BegAttach," "EndAttatch," and "Custodian" fields of such e-mails.

(ii)    To the extent a party produces spreadsheets, such documents shall also be made available in native format (if the native format is in the possession of the producing party) at the request of the receiving party.

(iii)   The producing party is not required to prepare a translation of foreign language documents except for documents which the

producing party will be offering into evidence at trial or any hearing

in this matter.  In such circumstances, the producing party shall

produce a translation a reasonable time prior to the use of such

document.

(b)   **Custodians.**

The provisions of 4(b) shall only apply to the production of electronically

stored information ("ESI").

(i)   By <u>February 13, 2009</u>, the parties shall provide one another with a

list of no more than 15 of their own custodians who they, in good

faith, believe to be the most relevant custodians of ESI in the case.

As part of this list, the parties must provide a brief description of

each custodian, including current title, tenure with the party (or

related companies), the job titles (including dates) they have held

within the party (or related companies), and a brief description of

the potential relevance of the custodian to the case.

(ii)   Within 7 days of exchanging their initial list of custodians pursuant

to Paragraph 4(b)(ii) above, each party may modify their opponent's

list by deleting proposed custodians of their choice (without

prejudice to add them again later, as discussed below) and/or by

adding additional custodians who they would like ESI collected

from, so long as the initial list does not exceed 20 people.

Moreover, in lieu of identifying a custodian by name, an opposing

party may identify a custodian by title (e.g., "the project director in

2004 for project XYZ") or description (e.g., "the person most involved in the development of project XYZ").  Thereafter during discovery, from time to time, the parties may each identify, in writing, additional custodians who they would like ESI collected from, provided that, absent a showing of exigent circumstances not under the requesting party's control, the sum total of custodians (initial plus additional) shall not exceed 25 people.

(iii)   With respect to the initial list of custodians, the parties shall produce responsive ESI by June 30, 2009.  With respect to additional custodians, the parties shall use reasonable efforts to produce responsive ESI within 90 days (or within 100 days if the number of additional custodians at any one time exceeds 5 people). All requests for additional custodian ESI shall be made sufficiently early such that the 90 to 100 day period will expire prior to the close of discovery.

(iv)   Parties shall collect those records kept in the regular course of business under the control and custody of each custodian.

(c)   **Search Terms.**

The provisions of 4(c) shall only apply to the production of ESI.

(i)   By February 13, 2009, the parties shall provide one another with a list of no more than 15 search terms they, in good faith, believe to be the most relevant to facilitate a search for ESI in the case.  As

part of this list, the parties must provide a brief description of each

term and a brief explanation as to the relevance to the case.

(ii)     Within 7 days of exchanging their initial list of search terms

pursuant to Paragraph 4(c)(i) above, each party may make good

faith modifications to their opponent's list by deleting proposed

terms of their choice and/or by adding additional search terms they

would like, so long as the list does not exceed 20 terms.

5.    **Discovery Limitations.**

Parties agree to meet and confer should either Party, upon a showing of good

cause, wish to obtain limited discovery of specific information excluded by

Sections 5(g) through 5(l) of these limitations.  Any Party may subsequently

move the Court to modify these limitations for good cause.

(a)    **Number of Interrogatories.**  The Plaintiff and Defendant may each serve

up to 40 interrogatories, including subparts, on one another.

(b)    **Number of Requests for Admissions.**  Each party may serve up to 40

merits-based requests for admission on each opposing party.  Each party

may serve an unlimited number of requests for admission on each

opposing party, provided that such requests are limited to the

authentication of documents.

(c)    **Depositions.**  The parties may each depose the other party's expert

witnesses.  In addition, the parties may each take up to 75 hours of non-

party depositions per side and up to 120 hours of party depositions per

side.  All depositions are limited to seven (7) hours of testifying time per

witness .

(d)     **Expert Witnesses.**  The parties are limited to no more than four testifying

experts per side.  The parties are entitled to an unlimited number of non-

testifying, consulting experts.  Any party may request to use additional

testifying experts at a later time for good cause.  Draft expert reports and

communications with experts shall not be discoverable or admissible

unless relied upon by the expert for their opinion.

(e)     **Third Party Custodian of Records.**  The parties may serve unlimited

depositions on written questions on custodians of records for third parties.

(f)     **Former Employees.**  Where an identified custodian and/or witness is a

former employee of the opposing party, the party seeking discovery

agrees not to contact the former employee directly, but to request that the

opposing party make contact with the former employee.  The parties also

agree that the opposing party will make a reasonable, good-faith effort to

collect the former employee's relevant documents to the extent such

records remain within the custody and control of the former employee or

opposing party and are reasonably accessible.  Electronic materials from

former employees are not reasonably accessible and need not be

produced unless that employee's documents remain available in an

account on an active e-mail server or network drive.  Each party will

provide notification to other parties in the event that the records for an

identified former employee(s) do not exist or are not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B).

(g)  **Manufacturing Documents.**  The production of manufacturing documents is limited to those documents that are sufficient to show how the ReFacto® and Xyntha® products are made including, to the extent they exist, documents sufficient to show the creation and usage of the plasmids and cell line(s) used to make ReFacto® and Xyntha®, the nucleic acid and amino acid sequences for the active ingredient in ReFacto® and Xyntha®, the purification and purity of ReFacto® and Xyntha®, and quality control procedures for the activity of ReFacto® and Xyntha®.

(h)  **Financial Documents**.  The production of financial documents is limited to those sufficient to show sales of the ReFacto® and Xyntha® products in or from the United States in units and/or dollars on either a monthly or quarterly basis as available, from the date that the first patent in suit issued, May 9, 2000, until trial.  Documents sufficient to show whether product manufactured within the United States was distributed outside the United States will also be produced.

(i)  **Marketing Documents**.  Parties agree that Defendants will designate one or more custodians from whom marketing documents will be collected and produced.  The Parties will meet and confer in good faith by April 28, 2009, to determine a procedure for the identification and production of any relevant web-based marketing documents.  With regard to earlier versions of web-based marketing materials, these documents need only be

produced to the extent that they are reasonably accessible to the producing party.

(j) **Regulatory Documents.**  Parties agree that the relevant regulatory documents for this case are the BLA and IND submissions for ReFacto[®] and Xyntha[®].  Parties agree that only portions of the regulatory submissions for ReFacto[®] and Xyntha[®] are relevant and will work together to decide which portions will be produced.  The Parties agree that clinical reports, adverse event reports and documents containing identifying patient information are not relevant to this litigation and will not be produced.   Wyeth may produce copies of the BLA and IND submissions for ReFacto[®] and Xyntha[®] for review by Novartis on outside counsel only basis.  The Parties agree to meet and confer, if necessary, to determine whether certain technical/manufacturing information may be redacted as not relevant.

(k) **License Agreements.**  Parties agree to produce only those license agreements relating to Factor VIII.

(l) **Development Documents**.  Parties agree that documents relating to development work by Novo Nordisk based on recombinant Factor VIII technology after the date of February 7, 1993, are deemed not to be relevant and will not be produced.

6. **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By July 14,

2009, the parties shall exchange privilege logs identifying the documents or

information and the basis for any disputed claims of privileged and/or work-

product protection in a manner that, without revealing information itself privileged

or protected, will enable the other party to assess the applicability of the privilege

or protection.  Any party may move the Court for an order compelling the

production of any documents or information identified on any other party's

privilege log.  If such a motion is made, the party asserting privilege shall

respond to the motion within the time period provided by Local Rule CV-7.  The

party asserting privilege shall then file with the Court within 30 days of the filing of

the motion to compel any proof in the form of declarations or affidavits to support

their assertions or privilege, along with the documents over which privilege is

asserted for *in camera* inspection.  If the parties have no disputes concerning

privileged and/or protected documents or information, then the parties shall

inform the Court of that fact by August 7, 2009.

7.   **Pre-trial disclosures**.  Each party shall provide to every other party regarding

the evidence that the disclosing party may present at trial as follows:

(a)   The name and, if not previously provided, the address and telephone

number, of each witness, separately identifying those whom the party

expects to present at trial and those whom the party expects to call if the

need arises.

Unless otherwise directed by the Court, these disclosures shall be made at least

30 days before trial.  Within 14 days thereafter, unless a different time is specified by

the Court, a party may serve and file a list disclosing (1) any objections to the use under

11

Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

8.    **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosure shall be served as provided by Fed. R. Civ. P. 5.  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

9.    **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10.   **Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures, a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient.  The written statement shall list, by category, the items the party entitled to receive disclosures

contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The party entitled to receive disclosures may thereafter file a motion to compel.

(b)   Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

11.   **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed is investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

12.   **Filings.**  Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

SIGNED this 15th day of January, 2009.


_____

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

13