IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC. § § § Plaintiff, § § v. § § WYETH and WYETH § PHARMACEUTICALS, INC. § § Defendants. § | CASE NO. 2-08-CV-067 JURY TRIAL REQUESTED |

**NOVARTIS'S OPPOSED MOTION FOR LEAVE TO FILE ITS
SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Novartis Vaccines and Diagnostics, Inc. ("Novartis") moves for leave to file its Second Amended Complaint for Patent Infringement.

**I.   INTRODUCTION.**

Novartis filed its Original Complaint for Patent Infringement against Defendants Wyeth and Wyeth Pharmaceuticals, Inc. (collectively, "Wyeth") on February 15, 2008. Novartis's Original Complaint asserted infringement of U.S. Patent Nos. 6,060,447 (the "'447 patent") and 6,228,620 (the "'620 patent") against Wyeth. [Dkt. No. 1.] On January 15, 2009, the Court entered the parties' agreed Docket Control Order setting certain disclosure and production deadlines in this case. [Dkt. No. 47.] Pursuant the Court's January 15, 2009 Docket Control Order, on May 12, 2009, Wyeth produced roughly 60,000 pages of documents bates labeled WYE00000001- WYE00059810. Novartis reviewed these documents and determined that Wyeth was also infringing U.S. Patent No. 7,138,505 (the "'505 patent"). Novartis seeks to add a claim of infringement of the '505 patent against Wyeth as specified in the Second Amended Complaint, filed contemporaneously herewith.

1

**II.     ARGUMENTS & AUTHORITIES.**

Leave to file an amended pleading should be "freely given," where justice so requires. FED. R. CIV. P. 15(a). As the Supreme Court has established:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, motions for leave to amend should be freely granted unless there is "substantial reason" to prohibit such amendment. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Serv.*, 925 F.2d 866, 874 (5th Cir. 1991) (citation omitted), *cert. denied*, 502 U.S. 866 (1991). Determining whether to grant leave rests within the sound discretion of the trial court. *See In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996).

Here, there is no reason to prohibit such amendment. First, discovery has only begun and no depositions have been taken and no discovery requests have yet been served. Second, the claim construction hearing is not scheduled until March 30, 2011 and trial is not scheduled until September 2011, both almost two years away.     [Dkt. No. 47.] As such, there is plenty of time to accommodate the addition of the '505 patent in the parties' current schedule. Finally, there has been no undue delay, and Wyeth will not suffer any prejudice because Novartis only received the documents confirming infringement of the '505 patent by Wyeth two months ago. Novartis diligently examined the documents it received in discovery and confirmed that Wyeth was infringing the '505 patent. Thus, because good cause exists for permitting amendment and no undue delay or prejudice will result, Novartis should be afforded the opportunity to amend its complaint to add a claim of infringement of the '505 patent against Wyeth.

## III. PRAYER.

For the foregoing reasons, Novartis respectfully requests the Court grant this opposed motion for leave to file its Second Amended Complaint.

Dated: July 17, 2009

Of Counsel:

George C. Yu
gyu@omm.com
George A. Riley
griley@omm.com
O'Melveny & Myers LLP
275 Battery St., Suite 2600
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

John C. Kappos
jkappos@omm.com
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 760-9600
Facsimile: (949) 823-6994

Respectfully submitted,
**McKOOL SMITH, P.C.**

/s/ Sam Baxter
Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Kristi Thomas
Texas State Bar No. 24027909
kthomas@mckoolsmith.com
104 E. Houston St., Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

John F. Garvish, II
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
300 W. 6th St. Suite 1700
Austin, Texas 78701
Telephone:   (512) 692-8700
Facsimile:    (512) 692-8744

**ATTORNEYS FOR PLAINTIFF NOVARTIS VACCINES & DIAGNOSTICS, INC.**

5

**CERTIFICATE OF CONFERENCE**

      I hereby certify that counsel for Novartis has conferred with counsel for Wyeth and that Wyeth's counsel could not confirm whether they were opposed or unopposed to the relief requested in this motion. As such, this motion is being filed as opposed.

      */s/ John Garvish*
      John F. Garvish, II

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 18th day of March, 2008.

      */s/ John Garvish*
      John F. Garvish, II

Dallas 275624v1