# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., <br> Plaintiff, <br> <br> v. <br> <br> WYETH and WYETH PHARMACEUTICALS INC., <br> Defendants. | § <br> § <br> § <br> § CIVIL ACTION NO. 2-08-cv-00067TJW-CE <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Wyeth and Wyeth Pharmaceuticals Inc.'s (collectively "Wyeth") Motion to Transfer Venue to the Northern District of California. [Dkt. No. 66] After considering the parties' arguments and the applicable law, the Court is of the opinion that Wyeth's motion should be DENIED.

### I. Background

Plaintiff Novartis Vaccines and Diagnostics, Inc. ("Novartis") filed this lawsuit on February 15, 2008, asserting infringement of U.S. Patent Nos. 6,060,447 ("the '447 patent") and 6,228,620 ("the 620 patent") against Wyeth's ReFacto Antihemophiliac Factor (Recombinant) product and Xyntha Antihemophiliac Factor (Recombinant) Plasma/Albumin Free product ("accused products"). On July 17, 2009, Novartis amended its complaint to assert U.S. Patent No. 7,138,505 ("the '505 patent") against the same products. The Court entered a docket control order in this case on January 15, 2009, which scheduled the *Markman* hearing on March 30, 2011 and trial in September 2011. Wyeth filed this motion to transfer venue on August 3, 2009.

Novartis is a Delaware corporation with its principal place of business in Cambridge, Massachusetts. Defendant Wyeth Pharmaceuticals is a Delaware corporation with its principal place of business in Collegeville, Pennsylvania. Defendant Wyeth is a Delaware company with

its principal place of business in Madison, New Jersey.

## II. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2009 WL 425117 (Feb. 23, 2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those for *forum non conveniens* dismissals, which include both public and private interest factors. *Id. at 315* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th

2

Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. Id. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## A. Discussion

### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. When applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that "witnesses from Europe will be required to travel a significant distance no matter where they testify"). Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its

3

"central location . . . in the absence of witnesses within the plaintiff's choice of venue." *Id.* The court "should assess the relevance and materiality of the information the witness may provide," not the "significance of the identified witnesses' testimony." *Id.* at 1343–44.

Novartis' location in Cambridge, Massachusetts is 1,280 miles closer to Marshall than to San Francisco.[1] Wyeth's principal place of business in Madison, New Jersey is 1,330 miles closer to Marshall than to San Francisco.[2] Wyeth Pharmaceuticals in Collegeville, Pennsylvania is 1,360 miles closer to Marshall than to San Francisco.[3] All parties are closer to the Eastern District of Texas than the Northern District of California. Therefore, the Court finds that Defendants have not shown that the Northern District of California is clearly more convenient to the parties than the Eastern District of Texas.

With respect to the witnesses, both party and non-party witnesses in this case are spread throughout the United States and Europe. The parties have identified fifty potential witnesses, of which twenty are located in Northern California. [Dkt. No. 66, Ex. I; Dkt. No. 76, Ex. 5] Of those twenty witnesses within the Northern District of California, five are non-party witnesses. None of the witnesses are located in the Eastern District of Texas. Plaintiffs argue that the Eastern District of Texas is a central location because all of the witnesses are decentralized and are, on average, closer to Marshall, Texas. As neither party has identified any witnesses within the

---

[1] The closest major airport for Novartis is in Boston, Massachusetts. There are 1,420 air miles between Boston and Shreveport, LA (the closest major airport to Marshall, TX, with service by Delta, Continental, American and Northwest Airlines). There are 2,700 air miles between Newark and San Francisco.

[2] The closest major airport for Wyeth is in Newark, New Jersey. There are 1,230 air miles between Newark and Shreveport, LA (the closest major airport to Marshall, TX, with service by Delta, Continental, American and Northwest Airlines). There are 2,560 air miles between Newark and San Francisco.

[3] The closest major airport for Wyeth Pharmaceuticals is in Philadelphia, Pennsylvania. There are 1,150 air miles between Philadelphia and Shreveport. There are 2,510 air miles between Philadelphia and San Francisco.

Eastern District of Texas, and only one witness in the entire state of Texas, the centrality of the Court's location is does not bear on the transfer analysis, in light of *In re Genentech*. *See In re Genentech*, 566 F.3d at 1344. Based upon the fact that a number of the non-party witnesses are in the Northern District of California, whereas none are located in the Eastern District of Texas, the Court finds that this factor weighs in favor of transfer.

### 2. The Relative Ease of Access to Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in a § 1404(a) analysis. *See id.* "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y 2006).

Defendants contend that several sources of documentary proof and other evidence are located in the Northern District of California. Specifically, Defendants argue that much of the prior art documentation from Genentech's and Novartis' research are located in the Northern District of California. The Court agrees that likely relevant evidence will be found in the San Francisco Bay Area. However, likely relevant evidence will also be located in Wyeth's place of business in Madison, New Jersey or Collegeville, Pennsylvania or in Plaintiff's place of business in Cambridge, Massachusetts. Indeed, many of the documents are likely located in New Jersey or Pennsylvania, which is closer to this court than the Northern District of California. Nonetheless, as some documents are located in or near the transferee forum, this factor weighs in favor of transfer. However, it only weighs slightly in favor of transfer because it appears that a majority of

5

the documents are located in the Northeast and around the globe.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel the attendance of a witness at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

With respect to compulsory process, the facts of this case are similar to *In re Genentech*. "[T]here is a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the Eastern District of Texas. The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly." *In re Genentech*, 566 F.3d at 1345. As the Northern District of California has subpoena power over a number of non-party witnesses whereas the Eastern District of Texas has no subpoena power, this factor weighs in favor of transfer.

### B. Public Interest Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

#### 2. Local Interest in Having Localized Controversies Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendants argue that the sale of allegedly infringing products throughout the Eastern District of Texas is not a sufficiently local interest to tilt this factor against

a transfer. The Court agrees. *See Volkswagen II*, 545 F.3d at 318 (finding no local interest based on the local availability of a product subject to a product liability claim, as such rationale could apply to virtually any judicial district in the U.S. and would leave no room for consideration of those actually affected by the controversies and events giving rise to the case); *accord In re TS Tech*, 551 F.3d at 1321. Given the activities that occurred in the Northern District of California, that district has a more substantial interest than this district. *See In re Hoffman LaRoche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

### 3. The Familiarity of the Forum with the Law that will Govern the Case

Patent claims are governed by federal law. This Court and the Northern District of California are both capable of applying patent law to infringement claims. This factor is neutral as to transfer.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The Court finds that this factor is inapplicable in this transfer analysis.

### 5. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted).

The Fifth Circuit requires that parties file a motion to transfer venue with "reasonable promptness." *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Here, Wyeth waited a full sixteen months after Novartis filed its original complaint to file its motion to transfer, during which time the parties negotiated a docket control, discovery, and protective orders, completed initial disclosures, exchanged infringement and invalidity contentions and have proceeded through extensive document production.[4] Wyeth argues that "Novartis' addition of the ['505] patent to this case effectively returns the parties to 'square one'" and a timely motion to transfer by Bayer Healthcare in the Bayer case gave Novartis notice of the potential for transfer in this case. [Dkt. No. 66 at 13][5] Novartis argues that it will suffer delay and prejudice if the case is transferred to the Northern District of California because the parties will likely have to push back their *Markman* hearing and trial dates by a year or more. Furthermore, the fact that nothing in Novartis' amended complaint had any effect on the Court's transfer analysis suggests that Wyeth is using the motion to transfer venue as a dilatory tactic. The parties remain the same, the witnesses remain the same, and the documents remain the same. Wyeth has not shown that it was reasonably prompt when filing its motion to transfer venue. In light of the the timing of the motion and the amount of resources expended when the motion was filed, the Court finds that the interests of justice weigh heavily against transfer.

### III.  Conclusion

For the reasons stated above, Defendants have failed to satisfy their burden of showing good cause that a transfer is clearly more convenient in this case. The Court finds that the competing factors do not justify a transfer. Accordingly, Defendants' Motion is DENIED.

---

4 While this case has not progressed as far as claim construction, the parties have expended substantial resources. *See In re VTech Communications, Inc.*, 2010 WL 46332 (Fed. Cir. 2010).
5 Novartis also had a case pending against Bayer, involving similar technology. *See* Novartis Vaccines and Diagnostics, Inc. et al v. Bayer Healthcare, LLC et al, Civ. No. 2:08-cv-68-TJW. The case has been settled.

It is so ORDERED.

SIGNED this 31st day of March, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE