IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NOVARTIS VACCINES AND | § | |
| DIAGNOSTICS, INC., | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2-08-cv-00067TJW-CE |
| v. | § | |
| | § | |
| WYETH and WYETH | § | |
| PHARMACEUTICALS INC., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Wyeth and Wyeth Pharmaceuticals Inc.'s (collectively "Wyeth") Motion for Reconsideration and Objections to Magistrate Judge Everingham's Denial of Defendants' Motion to Transfer Venue to the Northern District of California. (Dkt. No. 144) The Court conducted a hearing on August 20, 2010. After considering the parties' arguments and the applicable law, the Court is of the opinion that Wyeth's motion should be DENIED.

**I.    Background**

Novartis, a Delaware corporation with a principal place of business in Massachusetts, filed this patent infringement action against Wyeth, a Delaware corporation with a Pennsylvania principal place of business, on February 15, 2008. Novartis original complaint asserted that Wyeth infringed U.S. Patent Nos. 6,060,447 ("the '447 patent") and 6,228,620 ("the '620 patent"). Novartis later amended its complaint on July 17, 2009 to assert U.S. Patent No. 7,138,505 ("the '505 patent"), which contains claims that cover full length Factor VIII proteins. The '447 and '620 patents do not contain claims that cover full length Factor VIII proteins. Novartis asserted the additional '505 patent against the same accused products. Wyeth's invalidity defense to the '505 patent rely on Genentech Inc.'s ("Genentech") alleged prior invention of full length Factor VIII proteins. Genentech is located in the Northern District of California. On the eve of the

hearing, Novartis withdrew its '505 patent claims.

On March 31, 2010, Judge Everingham entered an order denying Wyeth's motion to transfer venue to the Northern District of California. (Dkt. No. 138) On April 12, 2010, Wyeth filed a timely motion to reconsider, arguing that Wyeth did not delay in filing its transfer motion because the addition of the '505 patent significantly affects the balancing of the convenience factors. Plaintiff Novartis Vaccines and Diagnostics, Inc. ("Novartis") argues that Wyeth's litigation conduct demonstrates that Wyeth's delay in filing the motion was merely a dilatory conduct and that to transfer the case now would be prejudicial to Novartis.

The Court entered a docket control order on January 15, 2009. The *Markman* hearing is on March 30, 2011 and trial is set for September 2011.

## I. Legal Standard

Within fourteen days after an order, a party can file written objections to the order setting forth the bases therefore. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1). The district judge will set aside any order that it finds that he finds to be "clearly erroneous or contrary to law." *Id.*; *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985).

The relevant factors that the Court is to consider for a 28 U.S.C. § 1404(a) motion to transfer venue identical to those used for forum non conveniens dismissals, which include both public and private interest factors. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, Inc., 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## II. Judge Everingham's Order

Judge Everingham found that each of the private convenience factors weighed in favor of transfer. Judge Everingham found that the Northern District of California would be more convenient to the parties and witnesses because current employees from Genentech, Inc., Wyeth's third-party prior art witnesses, are located there whereas no witnesses are located in the Eastern District of Texas. Similarly, several sources of proof will be in the Northern District of California whereas none are in the Eastern District of Texas, and the Northern District of California has compulsory process over third-party witnesses whereas the Eastern District of Texas does not.

With respect to the public interest factors, Judge Everingham found that the factors concerning administrative difficulties, familiarity with law, and conflict of laws were all neutral, but that the Northern District of California had a greater interest in the outcome of this litigation, to the extent that it touches on the intellectual property of Genentech. Judge Everingham found that the interests of justice weighed against transfer largely because Wyeth filed its motion to transfer sixteen months after Novartis filed its complaint. The parties have already negotiated discovery

and docket control orders, exchanged infringement and invalidity contentions and have proceeded through extensive document production. Judge Everingham did not agree that the addition of the '505 patent meaningfully affected the transfer analysis because "[t]he parties remain the same, the witnesses remain the same, and the documents remain the same." Order at 8.

## II. Discussion

The Court has reviewed Wyeth's varied arguments and cannot say that it disagrees with Judge Everingham's conclusion that it Wyeth's conduct is dilatory in nature. When Wyeth filed its motion to transfer on August 3, 2009, Wyeth stated:

> Even before the addition of the patent from the Bayer litigation, the NDCA was a far more convenient and logical choice of venue for this case. Key third party witnesses, including named inventors on the Novartis patents, the lead scientist responsible for prior art work performed at a Wyeth subsidiary, and patent attorneys involved in prosecuting the patents are located in the NDCA.

Wyeth Transfer Motion at 2. Wyeth simply argued that it failed to file the motion earlier because the addition of the '505 patent made the case more appropriate for transfer because it created overlap with *Novartis v. Bayer*, 2:09-cv-68 (E.D. Tex. 2009), in which Bayer was seeking transfer to the Northern District of California. After the parties in *Novartis v. Bayer* settled, Wyeth filed this motion for reconsideration and argued rather strongly in defense of its delay that the addition of the '505 patent made transfer appropriate because it implicated important third-party prior art witnesses from Genentech, which is in the San Francisco Bay Area. Now that the '505 patent has been dismissed from the case, and in an effort to align this case with *Software Rights Archive, LLC v. Google, Inc.*, Wyeth explained to the Court at the hearing that its transfer motion was not ripe for filing until after the Federal Circuit decided *In re Genentech*. No. 2:07-cv-511-CE, 2010 WL 2950351, *4 (E.D. Tex. Jul. 22, 2010) (finding that the defendants delay in filing its motion to

4

transfer was justified because of the Federal Circuit's opinion in *In re TS Tech*). Wyeth's positions are like shifting sands that change with each new development in the case. Under the circumstances, it was not clear error for Judge Everingham to find that the '505 patent did not alter the § 1404 analysis and that Wyeth unreasonably delayed in filing a motion to transfer.

Wyeth also argues that Judge Everingham incorrectly applied the convenience factors, placing undue emphasis on judicial economy. According to Wyeth, because Judge Everingham found four factors that favored transfer and only one factor that disfavored transfer, Judge Everingham was obligated to find that the factors balanced in favor of transfer. The Court disagrees. Although "none of [the factors] can be said to be dispositive weight," *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 380 (5th Cir. 2007), the Federal Circuit has recognized that judicial economy may be determinative. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Judge Everingham, in his broad discretion, was entitled to weigh the competing interests of third-party witnesses against Novartis' and the Court's interest in an easy and expeditious case and find that, under the circumstances, the interests of justice required denying the transfer motion. *See In re Apple Inc.*, 2010 WL 1922942, *1 (Fed. Cir. May 12, 2010) (upholding a denial of transfer where "none of the defendants is headquartered" in the proposed forum and observing that "the availability of video depositions of non-party witnesses" may minimize inconvenience).

The standard for a motion for reconsideration is "clearly erroneous," *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985), and, district courts are given broad discretion to decide transfer motions. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). The Court is of the opinion that Judge Everingham's opinion was not clearly erroneous.

**III. Conclusion**

For the reasons stated above, Wyeth has failed to demonstrate that Judge Everingham's order denying transfer was clearly erroneous or contrary to law. Accordingly, Wyeth's Motion to Reconsider is DENIED.

It is so ORDERED.

SIGNED this 30th day of August, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE