IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC. | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. 2:08CV067 |
| WYETH, ET AL. | § | |

**ORDER**

1. Wyeth's motion to stay pending determination of a related case (#198) is denied. The motion was not timely presented given the length of time the two actions have been pending. The court is also persuaded that Novartis would be unduly prejudiced by a stay at this stage of the case. As such, the motion is denied.

2. Wyeth's motion to compel depositions of the foreign trial witnesses in the United States (#200) is denied. Wyeth seeks to compel Novartis to produce certain overseas witnesses for deposition the United States if it intends to call those witnesses at trial. The general rule is that in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987)(citing *Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979)). An exception, however, provides that in the absence of compelling circumstances or extreme hardship, a plaintiff should appear for deposition in the forum he selected for his case–despite the fact that he is a nonresident. *Orrison v. The Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990).

The exception does not apply to nonparty witnesses, even if those witnesses are contractually obligated to "testify in all legal proceedings." *Yaskawa Elec. Corp. v. Kollmorgen Corp.*, 201 F.R.D. 443 (N.D. Ill. 2001). After reviewing the briefing and the argument of the parties, the court is not persuaded that a contractual obligation exists between Novo Nordisk ("Novo") and Novartis to produce employee witnesses of Novo for deposition in the United States, regardless of whether those witnesses might testify at trial. Likewise, Dr. Valenzuela is not an officer, director or current employee of Novartis, and the court declines to compel Novartis to produce him for deposition in the United States. The motion is therefore denied.

3. Novartis's motion to compel additional 30(b)(6) deposition time (#209) is granted in part and denied in part. Novartis's request for an additional four hours of 30(b)(6) witness deposition time is excessive. Novartis's request for an in-person deposition, however, is not unreasonable. Novartis is granted an additional two hours of 30(b)(6) witness deposition time with Ms. Reichert, limited to Topics 5-7 and 10.

SIGNED this 12th day of August, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE